while the parties were making the bargain, the defendant asked Clarke if there was any objection to the house, to which the latter answered there was not, whereupon the defendant signed the agreement. Afterwards he discovered that the adjoining house was a brothel, and on that ground refused to fulfill the contract. It also appeared that the plaintiff knew of the existence of the brothel, but that the agent did not. The court held that the facts did not establish fraud on the part of the plaintiff—the chief baron, Lord Abinger, dissenting. In my judgment, the law of this case is doubtful; but be that as it may, the case itself is very different from the one at bar. That was a case of a misrepresentation by one of two strangers dealing with each other at arm's length, about a matter which, so far as appears, was equally open to the observation of both of them.

The case at bar arises between a creditor and debtor. The latter is seeking a discharge from his debts upon the payment of forty-five cents on the dollar, on the ground that he was unable to pay more. In such case, the law very properly requires the utmost good faith on the part of the debtor. Here, Snow asked to be discharged from fifty-five per centum of debts for which he was individually liable. It was natural and reasonable that the creditors should want to know what condition the proposed settlement would leave him in individually. Under these circumstances, Jessie comes to the creditors to see what can be done. He was Snow's agent in this matter in a double sense: (1) By reason of their being partners; and (2) because Snow had specially authorized and requested him to negotiate this compromise with the creditors, while he practically remained without their reach, at Walla Walla. Snow spoke through Jessie, and it was his business to inform Jessie of the true condition of his affairs, so that he could speak truly, if he spoke at all. If he omitted to do so either from negligence or design, and the agent made false representations concerning his means which misled the plaintiffs to their injury, he is responsible for it, the same as if he made them in person. Snow cannot be allowed to have the benefit of a composition with his creditors which was confessedly procured by the false representations of his agent, upon the ground that the agent was ignorant of the truth, and made the representation in good faith. If such were the law, dishonest debtors could cheat and deceive their creditors with impunity, by means of honest but conveniently ignorant agents. Under the head of "Fraudulent Concealment," it is laid down in Add. Cont. 130, that, "If a debtor induces his creditors to compound their claims and execute a deed of composition for their several debts, by concealing from them the true state of his affairs, and withholding information which ought, in good faith, to have been afforded, the deed will be void, and the creditors will be remitted to their original rights, and will be entitled to sue for the full amount of their several debts;" also (page 634), "If a principal * * * purposely employs an agent ignorant of the truth, in order that such agent may innocently make a false statement, believing it to be true, and may so deceive the party with whom he was dealing; * * * he would be guilty of fraud."

In Stafford v. Bacon, 1 Hill, 535, Mr. Justice Cowan says: "The duty of a debtor who comes for a discharge on part payment, is clear. If he willfully misrepresent or suppress any material fact in the statement of his affairs the accord and satisfaction are void."

In 1 Pars. Cont. 63, it is said, that, "Though there be no actual fraud on the part of the agent, yet if he makes a false representation as to a matter peculiarly within his own knowledge or that of his principal, and thereby gets a better bargain for his principal, such principal, although innocent, cannot take the benefit of the transaction."

In Chit. Cont. 687, it is said, that, "If it appear that there has been a willful withholding by the debtor of information respecting his estate, it will avoid the composition, and remit the creditor to his right to sue for the whole."

In the light of these authorities, as well as upon the reason of the matter, there can be no doubt but that Snow is responsible for Jessie's misrepresentations, though innocently made and without his knowledge. There is no error in the charge of the court on this point.

Indeed, after long and careful consideration, it appears to me, both upon the law and the facts, that this verdict is not only a just determination of the controversy between the parties to this action, but that its effects will be wholesome and promotive of good morals in the community upon the subject of contracts for the composition of debts between debtor and creditor.

The motion for a new trial must be overruled, and the plaintiffs have judgment upon the verdict.

Case No. 4,343.

ELGEE v. LOVELL.

[See Case No. 4,344.]